**Jarey STEWART, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Defendant—Appellee.**

No. 03–15565.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2004.*

Decided March 23, 2004.

Jarey Stewart, #J–91226, Corcoran, CA, pro se.

Jacqueline A. Forslund, Esq., SSA–Social Security Administration, San Francisco, CA, for Defendant–Appellee.

Before: B. FLETCHER, LEAVY, and WARDLAW, Circuit Judges.

MEMORANDUM **

Jarey Stewart appeals pro se the district court's summary judgment affirming the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Commissioner of Social Security ("Commissioner") in her denial of disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–33. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Stewart's 42 U.S.C. § 1983 claims fail because his civil rights allegations stem from the denial of social security benefits, and therefore his action arises solely under the Social Security Act. Because 42 U.S.C. § 405(g) is the exclusive means for judicial review of the Commissioner's decisions, *Weinberger v. Salfi*, 422 U.S. 749, 757, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the district court properly ordered service on the Commissioner only and dismissed all remaining defendants.

The court reviews de novo the district court's order and may only set aside the denial of benefits if the decision is not supported by substantial evidence, or if it is based on legal error. *See Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir.1995).

The district court properly granted summary judgment to the Commissioner because the ALJ's finding that Stewart's back impairment did not meet or equal the requirements of the listing in the "Listing of Impairments" was supported by substantial evidence. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, Subpart P, Appendix 1; *Flaten*, 44 F.3d at 1465.

The district court properly concluded that Stewart had the residual functional capacity to perform light work because Dr. Miller's assessment is not inconsistent with the state agency doctors' assessment that

Stewart be limited to six hours of sitting. *See* 20 C.F.R. § 404.1545.

The ALJ's finding that Stewart's allegations regarding his limitations were not totally credible was supported by specific, cogent reasons because Stewart's actions belied his claims of severe and disabling back pain. *See Flaten*, 44 F.3d at 1464. Likewise, the ALJ properly concluded that the medical record did not support Stewart's allegations regarding his eye sight because no physician found that his eye impairments had any more than a minimal effect on his ability to perform work activities or that the condition could not be corrected by wearing glasses. *Id.*

**AFFIRMED.**